Ruffin, C. J.
 

 As the case appeared, it would have been a proper one for insisting to the jury on vindictive damages against the trespasser. The question is, whether damages of that character can be given against his representative. The Court is of opinion that they cannot. An action for a
 
 tort
 
 was lost at the common law by the death of either party, the injured or the injurer, upon the maxim,
 
 actio personalis moritur cum
 
 persona.— That, in some cases, produced great hardship; as
 
 torts
 
 differ in their nature, some consisting of violence and in» suit to the person or injury to the character and feelings ; and, for such, ordinarily, there is no precise measure of damages, but they are in their nature vindictive, and in a great degree lie in the discretion of a jury. Others consist of injuries to or in respect of property; and for them, the natural and legal redress is to restore the value of the property destroyed, or to the extent of the deterioration of the property.
 

 In cases of the former class, the death of a party prevents the great objects of an action from being attained, while it has no such effect in the latter, as the object then is to reimburse, out of the estate of the wrong-doer, the loss, which the other party has sustained in his estate by the act of the wrong-doer ; and it is plainly just that he-should thus be made whole, it is true, the common law put both cases on the same ground and gave no remedy
 
 *249
 
 in either. But upon the distinction mentioned, the legislature of this State in 1'799 and 1805 passed twó aóts, which were incorporated into one section of the Revised Statutes of 1836, whereby, amongst other things, it is enacted, that actions of trespass and trespass on the case shall survive against executors, when they are not merely vindictive, that is, where property either real or personal is in contest, or where such actions are brought for damages done to such property. Rev. St. ch. 2, sec. 10, The affirmative language used and the negative provision respecting vindictive actions, taken together, show the principle of the enactment to be, that in respect to a loss sustained by one in his property from the wrongful act of another, there shall be a commensurate redress in damages, notwithstanding the death of either or both of the parties. In respect, however, to injuries to the person or to the feelings, before alluded to, and for which such actions only lie, as in their nature are vindictive, it was deemed wisest to leave the law as it was before. The present case presents an instance of a third class of cases; in which the action is for damages done to property, and, to that extent, cannot be said to be vindictive, and, under the statute, undoubtedly survives. But if the action were between the original parties, the jury might go beyond the loss to the plaintiff in his estate and assess the damages in reference to the circumstances of insult or other aggravation — which are called in the books, by the various names of exemplary, or vindictive damages, or smart money ; all signifying much the same, and denoting that such damages are not for the injury to the property, that si, merely therefor, but forsomething over and above that. Now with regárd to damages of this latter character, the Court thinks the action of trespass is not preserved by the act after the death of one of the parties. For, as the act gives the action between executors for property or damages done to property, and in those eases only, and, more
 
 *250
 
 over, is particular to exclude from its operation vindictive actions, it seems to be a necessary construction, that however it might be between the original parties, yet, as between the representatives, the action is not to survive in respect to its vindictive features, but only as far as to give reparation for the pecuniary loss, by reason of the destruction of the property or damage done to it. As far as an action is vindictive, there is the same reason, why it should not survive, as there is agajnst one purely vindictive surviving at all. This seems to be the unavoidable interpretation of the act as applicable to such a case, and it is believed, there is no decision to the contrary.— It was indeed urged in the argument,that a different doctrine was laid dawn in
 
 Wylie
 
 v.
 
 Smitherman,
 
 8 Ire. 230. But that is a mistake ; for certainly, no such thing was intended, and what was said there meant only, that, even assuming that to be a proper case for vindictive damages, it was erroneous in the Court to lay down their measure, instead of leaving that to the jury. The point whether an administrator was liable for vindictive damages, was not considered, nor in truth, did it occur to the Court.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.