CHARLES McADAMS v. BARBARA GOODE BLUE, ADMINISTRATRIX OF THE ESTATE OF RICHARD BLUE, JR.; BLONDELL ROBINSON, ADMINISTRATRIX OF THE ESTATE OF RICHARD CARL ROBINSON; LONNIE REDFERN, HENRY L. ANDERSON AND PURVIS TOBE
AND
JIMMY McADAMS, BY HIS NEXT FRIEND, CHARLES McADAMS v. BARBARA GOODE BLUE, ADMINISTRATRIX OF THE ESTATE OF RICHARD BLUE, JR.; BLONDELL ROBINSON, ADMINISTRATRIX OF THE ESTATE OF RICHARD CARL ROBINSON; LONNIE REDFERN, HENRY L. ANDERSON AND PURVIS TOBE

No. 6828SC417
No. 6828SC416

(Filed 11 December 1968)

1. Appeal and Error § 6— orders appealable — motion to strike

Rule 4(b) of the Court of Appeals has no application when the order striking a portion of the pleadings is in effect the granting of a demurrer, and an appeal will lie from such order.

2. **Pleadings § 2— allegations of ultimate facts**

In personal injury action wherein plaintiff relies on theory of agency, plaintiff must allege the ultimate facts which, if proven, would justify a finding that at the time and place of injury defendant was an agent and acting within the scope of that agency.

3. **Joint Ventures; Automobiles § 95— joint enterprise and joint adventure distinguished**

Although the terms "joint adventure" and "joint enterprise" have been used interchangeably, they are legally distinguishable: the latter term is normally employed, not with reference to a business relationship comparable to a partnership, but by way of representing merely a unity between persons in the pursuit of a common purpose, as a result of which the negligence of one participant may be imputed to another.

4. **Automobiles § 43— pleadings — issue of joint enterprise**

Allegations in complaint *are held* sufficient to raise the issue of joint enterprise in a personal injury action arising out of an automobile accident.

5. **Conspiracy § 1— elements of civil conspiracy**

A civil action for conspiracy is an action for damages resulting from wrongful or unlawful acts committed by one of the conspirators pursuant to the formed conspiracy, and not simply because of the existence of the conspiracy.

6. **Conspiracy § 2— pleading of ultimate facts in civil action**

Allegations that defendants were negligent "in conspiring" to do certain things is subject to be stricken on motion, it being necessary to allege the wrongful or unlawful acts resulting from a conspiracy.

7. **Damages § 11— punitive damages — when recoverable**

Punitive damages are recoverable in an automobile collision case on allegations and proof that the injury complained of resulted from wanton negligence, and conduct is wanton when it is in conscious and intentional disregard of and indifferent to the rights and safety of others.

8. **Damages § 11— punitive damages — effect of wrongdoer's death**

While punitive damages would be proper against a wrongdoer if living, they are not recoverable against his personal representative, however aggravated the circumstances.

APPEAL by plaintiffs from *Braswell, J.,* at the 5 August 1968 Session of BUNCOMBE Superior Court.

On 20 February 1968, the two plaintiffs instituted separate actions against the defendants. The allegations of the complaints are practically identical except that the complaint of Charles McAdams seeks recovery for property damage and the complaint of Jimmy McAdams, a minor, seeks recovery for personal injury. The record indicates that the actions were considered together in the superior

court, and they are treated as consolidated for purpose of hearing and determination in this court.

The complaints are summarized as follows: On 24 December 1967, the plaintiff Jimmy McAdams was operating an automobile belonging to his father, plaintiff Charles McAdams, in a westerly direction on Southside Avenue in the city of Asheville, N. C. Defendant Blue's intestate, Richard Blue (Blue), defendant Robinson's intestate, Richard Carl Robinson (Robinson), and defendants Redfern, Anderson and Tobe were occupants of an automobile owned by Redfern and operated by Blue which collided with the automobile owned and operated by plaintiffs, resulting in the damage and injury sued for in this action. Defendant Robinson demurred to the complaint and was overruled. Defendants Blue and Redfern moved to strike all of paragraphs 13, 14, 15, 16, 19 and 22 of the complaints; defendants Tobe and Anderson moved to strike portions of paragraphs 14, 15, 16 and 19. Briefly stated, the paragraphs sought to be stricken alleged that at the time of the collision an agency relationship existed between Blue and Robinson, Anderson, and Tobe; that at the time of the collision all five occupants of the Redfern automobile were engaged in a joint enterprise involving the operation of said automobile; that a conspiracy existed between the five occupants of the Redfern automobile; and that plaintiffs are entitled to recover punitive damages against each of the defendants.

The motions to strike were allowed substantially as requested, and plaintiffs appealed from the orders allowing the motions to strike.

*Williams, Williams & Morris by James N. Golding for plaintiff appellants.*

*Uzzell & DuMont by Harry DuMont for defendant appellees Blue and Redfern.*

*No counsel for defendant appellees Anderson and Tobe.*

BRITT, J.

[1]   Rule 4 of the Rules of Practice in the Court of Appeals of North Carolina contains the following proviso:

*"The Court of Appeals Will Not Entertain an Appeal:*

*       *       *

(b)   From an order striking or denying a motion to strike allegations contained in pleadings. When a party conceives that

such order will be prejudicial to him on the final hearing of said cause, he may petition this Court for a writ of *certiorari* within thirty days from the date of the entry of the order."

Defendants contend that because of the above rule plaintiffs' appeal should be dismissed. We hold otherwise.

In *Etheridge v. Light Co.*, 249 N.C. 367, 106 S.E. 2d 560, the Supreme Court, in discussing the same rule in that court, states:

"Rule 4(a) of this Court has no application when the order striking a portion of the pleading is in effect a demurrer denying the pleader a right to recover for failure to state facts sufficient to constitute a cause of action. Such an order comes within the provisions of G.S. 1-277 and the party adversely affected may appeal."

In that case, the appeal was treated as an appeal from an order allowing a demurrer. Such is the case here with respect to defendants Anderson and Tobe; without the stricken portions, the complaints contain no allegations of negligence on the part of said defendants.

Strictly applied, the rule would result in a dismissal of the appeal as to defendants Blue and Redfern. Even so, plaintiffs have properly appealed as to defendants Anderson and Tobe, and since the entire case as to said four defendants is before us, we will consider the exceptions appearing in the record on appeal. *Harris v. Board of Commissioners*, 1 N.C. App. 258, 161 S.E. 2d 213.

[2] Defendants contend that the allegations of agency contained in paragraphs 13 of the complaints, even when liberally construed, amount only to conclusions. This contention is well-founded. Plaintiffs should allege the ultimate facts which, if proven, would justify a finding that at the time and place of injury defendant Blue was an agent and acting within the scope of that agency. This they have not done. 6 Strong, N. C. Index 2d, Pleadings, § 2, p. 292. 1 McIntosh, N. C. Practice 2d, § 981, p. 522.

Defendant appellees contend that plaintiffs have failed to allege facts constituting a cause of action on the theory of joint enterprise. Plaintiffs' pleadings must be upheld on this theory.

[3] "The term 'joint enterprise' has been defined as an undertaking for the mutual benefit or pleasure of the parties; and it has been said that no legal distinction exists between the phrases 'joint enterprise' and 'the prosecution of a common purpose.' Although the terms 'joint adventure' and 'joint enterprise' will be found to have

been used interchangeably in some instances, that is an indiscriminate use. The latter term is normally employed, not with reference to a business relationship comparable to a partnership, but by way of representing merely a unity between persons in the pursuit of a common purpose, as a result of which the negligence of one participant may be imputed to another." 30 Am. Jur., Joint Adventures, § 2, p. 940. See also 60 C.J.S., Motor Vehicles, § 444, p. 1142.

[4]     Disregarding plaintiffs' conclusory statements in paragraphs 14, that the defendants were engaged in a joint enterprise, the remaining allegations of those paragraphs are sufficient to raise the issue of joint enterprise. In *Newman v. Coach Co.*, 205 N.C. 26, 169 S.E. 808, the defendant sought to impute the negligence of the driver of plaintiff's car to the guest plaintiff. The court, in affirming for the plaintiff, stated:

> "The contention that the plaintiff and the driver of the car were engaged in a joint enterprise is not sustained. 'A common enterprise in riding is not enough. The circumstances must be such as to show that the plaintiff and the driver had such control over the car as to be substantially in the joint possession of it.' *Charnock v. Refrigerating Co.*, 202 N.C. 105, 161 S.E. 707; *Albritton v. Hill*, 190 N.C. 429, 130 S.E., 5. \* \* \*" See also *James v. R. R.*, 233 N.C. 591, 65 S.E. 2d 214.

Plaintiffs have followed the language of these cases practically verbatim; moreover, the ultimate facts have been pleaded.

[5]     Defendants contend that the complaints fail to state a cause of action on the theory of conspiracy. We agree with this contention. A conspiracy is generally defined as an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful manner. A civil action for conspiracy is an action for damages resulting from wrongful or unlawful acts committed by one of the conspirators pursuant to the formed conspiracy, and not simply because of the existence of the conspiracy. *Shope v. Boyer*, 268 N.C. 401, 150 S.E. 2d 771. Each conspirator is jointly and severally liable for any harm resulting from an overt act done by one of the conspirators pursuant to the agreement. *Burton v. Dixon*, 259 N.C. 473, 131 S.E. 2d 27; 16 Am. Jur. 2d, Conspiracy, § 43, p. 149.

[6]     Plaintiffs have alleged that defendants were negligent "in conspiring" to do certain things instead of alleging wrongful or unlawful acts resulting from a conspiracy. That being true, defendants' challenge to the portions of the complaints dealing with conspiracy is well taken.

**[7]**    Finally, defendants contend that the complaints do not contain sufficient allegations to warrant a prayer for punitive damages. In *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393, in an opinion by Bobbitt, J., our Supreme Court held that punitive damages are recoverable in an automobile collision case on allegations and proof that the injury complained of resulted from *wanton* negligence, and "[c]onduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others." We hold that the allegations contained in plaintiffs' complaints are sufficient to warrant a prayer for recovery of punitive damages as against defendants Redfern, Anderson and Tobe.

**[8]**    However, punitive damages would not be recoverable as against defendant Blue. In *Rippey v. Miller*, 33 N.C. 247, in an opinion by Ruffin, C.J., our Supreme Court held that while vindictive (punitive) damages would be proper against a wrongdoer if living, they would not be recoverable against his personal representative, however aggravated the circumstances. See also *Dalton v. Johnson*, 204 Va. 102, 129 S.E. 2d 647; 22 Am. Jur. 2d, Damages, §§ 255, 262, pp. 349, 357, and 25 C.J.S., Damages, § 125(3), p. 1153. Defendant Robinson is not before us on this appeal.

Summarizing, with respect to defendants Redfern, Blue, Anderson and Tobe, we hold that the superior court:

(1)    Properly ordered paragraph 13 in each complaint stricken.

(2)    Erred in striking paragraphs 14 of the complaints or any part thereof.

(3)    Properly ordered stricken the following portion of paragraph 15 of each complaint: "and conspiracy to violate the laws of the State of North Carolina and the City of Asheville"; it erred in ordering stricken the remaining portions of paragraph 15 of each complaint.

(4)    Erred in ordering paragraph 16 of each complaint stricken.

(5)    Correctly ordered stricken subparagraphs A and B of paragraph 19 of each complaint and the following portion of subparagraph D: "and his co-conspirators." It erred in striking the remaining portions of paragraph 19 of each complaint.

(6)    Erred in striking paragraph 22 of each complaint as to defendants Redfern, Anderson and Tobe; it properly struck paragraph 22 as to defendant Blue.

These actions will be remanded to the Superior Court of Buncombe County for entry of proper order consistent with this opinion.

Error and remanded.

Brock and Parker, JJ., concur.