CLARENCE CURRY v. LAWRENCE M. STALEY. ISAAC W. WORRELL, INDIVIDUALLY; AND BOWERS AND WORRELL, ACCOUNTANTS, A PARTNERSHIP

No. 6921SC435

(Filed 17 September 1969)

**1. Pleadings § 19— demurrer — construction of pleadings**
    Upon demurrer a pleading will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor. G.S. 1-151.

**2. Pleadings § 19— office of a demurrer**
    The office of a demurrer is to test the sufficiency of a pleading, admitting for the purpose the truth of factual averments well stated and such relevant inferences as may be deduced therefrom.

**3. Conspiracy § 1— conspiracy defined**
    A conspiracy is an agreement between two or more persons to commit an unlawful act or to do a lawful act in an unlawful manner.

**4. Conspiracy § 1— nature of civil action**
    A civil action for conspiracy is an action for damages resulting from

wrongful or unlawful acts committed by one or more of the conspirators pursuant to the formed conspiracy.

**5. Conspiracy § 2— action for civil conspiracy — sufficiency of complaint — wrongdoing by plaintiff**

Allegations that the plaintiff was hired to manage his employer's new restaurant and that the employer and the employer's accountant unlawfully conspired to set up the records and account books of the restaurant so as to give the false appearance that plaintiff, and not the employer, was the owner, thereby subjecting plaintiff to liability for federal and state income taxes and for social security and employees' withholding taxes, *are held* insufficient, when taken with the other allegations of the complaint, to state a cause of action for civil conspiracy against the employer and the accountant, where the other allegations give rise to the inference that plaintiff knew of defendants' scheme and cooperated with them.

**6. Conspiracy § 3— liability of conspirators for acts of the others**

If two or more persons conspire or agree to engage in an unlawful enterprise, each is liable for acts committed by any of them in furtherance of the common design and the manner or means used in executing the common design; the fact that one conspirator is the instigator and dominant actor is immaterial on the question of the guilt of the other.

**7. Actions § 5— party taking advantage of his own wrong**

The common law maxim that a person will not be allowed to take advantage of his own wrong has been adopted as public policy in this State.

APPEAL by plaintiff from *Seay, J.,* at the 16 June 1969 Civil Session of FORSYTH Superior Court.

This is an appeal from a judgment allowing demurrers in a civil action for conspiracy. Plaintiff seeks to recover actual and punitive damages; he specifically asks that he be reimbursed for certain state and federal taxes paid by him and also the amount of certain tax assessments made against him.

In his complaint, plaintiff alleges that prior to October 1964 he was a cook employed by defendant Staley in Winston-Salem; that during said month Staley employed plaintiff to manage the operation of a restaurant in Danville, Virginia. He further alleges that defendant Worrell, of the accounting firm of Bowers and Worrell, was Staley's accountant. Further pertinent facts alleged in the complaint are hereinafter set forth in the opinion.

To the complaint defendants demurred for failure to state facts sufficient to constitute a cause of action. Judge Seay adjudged that the demurrer of each defendant be sustained and that plaintiff be allowed thirty days in which to amend the complaint. Plaintiff appealed.

*Hatfield, Allman & Hall by James E. Humphreys, Jr., for plaintiff appellant.*

*Wood & Phillips by William Z. Wood for defendant appellee Staley.*

*Womble, Carlyle, Sandridge & Rice by David A. Irvin for defendant appellees Worrell, Individually, and Bowers and Worrell, Partnership.*

BRITT, J.

[1] In testing the sufficiency of the complaint to withstand the demurrers, this Court must first be guided by G.S. 1-151 which provides: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties." Although in numerous cases including *Joyner v. Woodard,* 201 N.C. 315, 160 S.E. 288, our Supreme Court has held that under this section and contrary to the common law rule every reasonable intendment is to be made in favor of the pleader, the court has also held that the section requires a liberal construction of a pleading challenged by demurrer with a view to substantial justice between the parties. *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129.

[2] The office of a demurrer is to test the sufficiency of a pleading, admitting for the purpose the truth of factual averments well stated and such relevant inferences as may be deduced therefrom. *Lumber Co. v. Builders,* 270 N.C. 337, 154 S.E. 2d 665.

[3, 4] Plaintiff contends that his complaint alleges sufficient facts to state a cause of action for civil conspiracy. Our courts have said many times that a conspiracy is an agreement between two or more persons to commit an unlawful act or to do a lawful act in an unlawful manner. *Evans v. GMC Sales,* 268 N.C. 544, 151 S.E. 2d 69; *Shope v. Boyer,* 268 N.C. 401, 150 S.E. 2d 771; *McAdams v. Blue,* 3 N.C. App. 169, 164 S.E. 2d 490. A civil action for conspiracy is an action for damages resulting from wrongful or unlawful acts committed by one or more of the conspirators pursuant to the formed conspiracy. *McAdams v. Blue, supra,* and cases therein cited.

[5] Plaintiff argues that the unlawful act committed by defendants alleged in the complaint was the setting up of records and account books for the Danville restaurant so as to give the false appearance that plaintiff, rather than Staley, was the owner, resulting in plaintiff's becoming liable for federal and state income taxes on profits made by the restaurant and income taxes withheld from and

Social Security taxes accruing on employees of the restaurant. The crucial allegation of the complaint is as follows:

"* * * Bowers and the defendant Staley did fraudulently, corruptly, and unlawfully conspire to set up and did set up, at the time the plaintiff was hired by the defendant Staley to manage the subject restaurant, the records and account books of the subject restaurant so as to give the false appearance that the plaintiff was the owner of and entrepreneur as to the subject restaurant, and so as to cause: 1. The income gain or loss of the restaurant to be taxed personally against the plaintiff, as apparent owner; and 2. The income-withholding and Social Security taxes due for the employees of the restaurant to be taxed personally against the plaintiff, as apparent owner."

Plaintiff's counsel does not cite any law that the alleged act of the defendants violated, and we do not deem it necessary to determine if the facts alleged would constitute an unlawful act. Assuming, *arguendo*, that the act complained of was unlawful, we think sufficient inferences arise from the allegations in the complaint to indicate that plaintiff had knowledge that Staley and Bowers contrived and executed the scheme of having the records and account books of the Danville restaurant show that plaintiff was the owner of the business so as to cause federal and state taxes to be levied against plaintiff, and that plaintiff cooperated with defendants in carrying out said scheme.

The following facts are specifically alleged in the complaint: Plaintiff was employed by Staley in October 1964 to operate the Danville restaurant and was told by Staley at that time that all accounting and record-keeping matters would be taken care of by Bowers and Worrell. Plaintiff managed the operation of the restaurant from October 1964 until October 1966. Early in 1967, Worrell prepared plaintiff's tax returns showing that in 1966 plaintiff made a net profit of $11,143.50 from the operation of the restaurant when, in fact, plaintiff received from Staley during 1966 a salary of only $4,100.00. At the time plaintiff was dismissed, income taxes withheld from and Social Security taxes accruing on other employees of the restaurant for the month of September 1966 were owing to the federal government, which taxes plaintiff has paid in the amount of $697.53. Because of the income falsely attributed to plaintiff for 1966, he paid $69.74 in "excess income taxes" to the State of North Carolina, $325.94 in "excess income taxes" to the Commonwealth of Virginia, and was assessed in excess of $1800.00 by the federal government as income taxes for 1966, part of which plaintiff has paid and the remainder he is in the process of paying.

Although plaintiff does not allege that he ever signed a tax return indicating that he was the owner of the restaurant at any time between October 1964 and October 1966 and thus knew of the scheme devised by defendants about which he now complains, inferences to that effect are reasonably deducible from the allegations. From the complaint, the following inferences are reasonable: As required by federal statutes, plaintiff filed an income tax return for each of the years 1964, 1965 and 1966. As required by federal statutes, plaintiff applied for and obtained an employer's identification number used in making returns for income and Social Security taxes withheld from and accruing on employees of the restaurant, representing himself as the owner. As required by federal statutes, he signed a written return to the federal government at least quarterly — probably monthly — regarding income and Social Security taxes withheld from and accruing on employees. He obtained in his name various permits from state and local governmental agencies in connection with the operation of said restaurant. The foregoing considered, it is just as reasonable to infer from the allegations of the complaint that plaintiff had personal knowledge of the setup arranged by defendants about which he now complains and that he "went along with" said arrangement and cooperated in its execution.

[6, 7]  If the act complained of was a conspiracy, plaintiff was a party to it. If two or more persons conspire or agree to engage in an unlawful enterprise, each is liable for acts committed by any of them in furtherance of the common design and the manner or means used in executing the common design; the fact that one conspirator is the instigator and dominant actor is immaterial on the question of the guilt of the other. 2 Strong, N.C. Index 2d, Conspiracy, § 3, p. 172. *State v. Kelly*, 243 N.C. 177, 90 S.E. 2d 241; *State v. Davenport*, 227 N.C. 475, 42 S.E. 2d 686. The common law maxim that a person will not be allowed to take advantage of his own wrong has been adopted as public policy in this State. *In Re Estate of Ives*, 248 N.C. 176, 102 S.E. 2d 807.

The judgment of the superior court sustaining defendants' demurrers to the complaint was proper and is hereby

Affirmed.

BROCK and VAUGHN, JJ., concur.