MARY BYRNE v. MARGARET BORDEAUX AND WINFRED BORDEAUX

No. 8612SC864

(Filed 7 April 1987)

1. **Appeal and Error § 6.2— appeal before final judgment—substantial right to have all claims tried at same time**

   Plaintiff had a substantial right to have all of her claims for relief tried at the same time before the same judge and jury, and her appeal was allowed even though the judgment was not final, where she had filed a complaint alleging that defendant Margaret Bordeaux wilfully, wantonly and maliciously drove her car into the back of plaintiff's car, pulled plaintiff from her car, and assaulted her, and the trial court severed the causes of action for negligence and assault and ruled that the complaint failed to state a claim for punitive damages against defendant Winfred Bordeaux.

**2. Automobiles and Other Vehicles § 108— family purpose doctrine—not applied to punitive damages**

The trial court did not err by dismissing a claim for punitive damages against a husband arising from his wife's involvement in an automobile accident where the claim against the husband rested on the family purpose doctrine.

**3. Appeal and Error § 45.1— failure to cite authority to support argument—deemed abandoned**

An assignment of error to a court order separating a cause of action for assault arising from an automobile accident from a claim for negligence was deemed abandoned where plaintiff failed to cite authority in support of her argument. N.C. Rules of App. Procedure, Rule 28(b)(5).

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 21 April 1986 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 2 February 1987.

Plaintiff filed this action on 3 July 1985, alleging wilful and wanton negligence on the part of defendants Margaret and Winfred Bordeaux and seeking personal injury and punitive damages. Defendants filed a N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Defendants also filed a motion to sever two causes of action.

The complaint alleged as follows: At about 1:30 p.m. on 10 May 1984, plaintiff was a passenger in a 1973 Oldsmobile, owned and driven by Anthony Cabeza. They were driving along McPherson Church Road in Fayetteville at a moderate rate of speed, and following them was a 1983 Buick driven by defendant Margaret Bordeaux. The defendant then "wilfully, wantonly, maliciously, recklessly, wrongfully, rudely, forcibly and deliberately" drove the Buick into the rear end of the car in which plaintiff was riding. The impact caused plaintiff to be thrown about inside the car, causing pain, shock and trauma. Plaintiff saw defendant holding a gun. Cabeza stopped his car at a service station; defendant followed. Riding with defendant were her son Jerry and one Johnny Boxley. As the cars stopped, defendant and Jerry left their car and opened plaintiff's car door, pulling her out. They proceeded to assault plaintiff; pulling her hair, knocking her to the pavement and beating her with their fists. These actions inflicted severe bruises and other injuries on the plaintiff. The complaint further alleged that, at the time of the events, Margaret Bordeaux and her husband Winfred were living together in a

family relationship and that Mr. Bordeaux kept the Buick for the use of his family, including his wife. Ms. Bordeaux was driving the car with the consent and authorization of her husband at the time of the incident.

The trial court ruled that the complaint failed to state a claim for punitive damages against defendant Winfred Bordeaux. The court also granted defendants' motion to sever the two purported causes of action — negligence and assault. Plaintiff appealed.

*Seavy A. Carroll for plaintiff-appellant.*

*Singleton, Murray & Craven, by Rudolph G. Singleton, Jr., for defendants-appellees.*

WELLS, Judge.

[1] The judgment below not being final as to all claims and all parties, *see* N.C. Gen. Stat. § 1A-1, Rule 54(b) of the Rules of Civil Procedure, the first question we must determine is whether the trial court's judgment dismissing plaintiff's punitive damage claim against Winfred Bordeaux is immediately appealable. Pursuant to the rule established in *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976), we hold that plaintiff has a substantial right to have all of her claims for relief tried at the same time before the same judge and jury, and therefore allow this appeal.

[2] Plaintiff first contends that the trial court erred in dismissing her claim for punitive damages against defendant Winfred Bordeaux for failure to state a claim upon which relief can be granted. Plaintiff argues that Ms. Bordeaux's wilful and wanton negligence may be imputed to Mr. Bordeaux under the "family purpose doctrine." We disagree.

Under the family purpose doctrine, the owner or person with ultimate control over a vehicle is held liable for the negligent operation of that vehicle by a member of his household. In order to recover under the doctrine, a plaintiff must show that (1) the operator was a member of the family or household of the owner or person with control and was living in such person's home; (2) that the vehicle was owned, provided and maintained for the general use, pleasure and convenience of the family; and (3) that the vehicle was being so used with the express or implied consent

of the owner or person in control at the time of the accident. *Williams v. Wachovia Bank & Trust Co.*, 292 N.C. 416, 233 S.E. 2d 589 (1977). The family purpose doctrine is an extension of the theory of *respondeat superior*, whereby the responsible party is the principal and the party actively negligent is the agent. *Id; Grindstaff v. Watts*, 254 N.C. 568, 119 S.E. 2d 784 (1961) and cases cited and discussed therein; *see also Carver v. Carver*, 310 N.C. 669, 314 S.E. 2d 739 (1984).

It is settled in this State that one may recover punitive damages from the driver of a car for his malicious, wilful or wanton negligence in its operation. *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956). *McAdams v. Blue*, 3 N.C. App. 169, 164 S.E. 2d 490 (1968); *See also Huff v. Chrismon*, 68 N.C. App. 525, 315 S.E. 2d 711, *cert. denied*, 311 N.C. 756, 321 S.E. 2d 134 (1984). Whether one may recover punitive damages under the family purpose doctrine from the owner of a car based on the wilful and wanton negligence of the driver has not yet been directly addressed by our courts.

Although the family purpose doctrine has long been established in this State, it is not without its limits. *See, e.g., Grindstaff v. Watts, supra.* We are unwilling to say that when a driver uses a family member's automobile wilfully, wantonly, or maliciously to injure another that the family purpose doctrine should be applied so as to allow recovery of punitive damages against the owner based on such use.

We therefore hold that the trial court properly dismissed plaintiff's claim for punitive damages against defendant Winfred Bordeaux.

[3] Plaintiff next assigns error to the court's order separating the assault cause of action from the negligence cause of action. N.C. Gen. Stat. § 1A-1, Rule 28(b)(5) of the N.C. Rules of Appellate Procedure states that "the body of the argument shall contain citations of authority upon which the appellant relies." Since plaintiff has failed to cite authority in support of her argument, we deem this assignment of error to be abandoned. *See Groves & Sons v. State*, 50 N.C. App. 1, 273 S.E. 2d 465 (1980), *cert. denied*, 302 N.C. 396, 279 S.E. 2d 353 (1981).

The judgment appealed from is

Affirmed.

Judges EAGLES and GREENE concur.