SUE WOMBLE LOY, PLAINTIFF v. JOSHUA BRANDON MARTIN AND KENNETH MARTIN, DEFENDANTS

No. COA02-540

(Filed 18 March 2003)

## 1. Damages— award of one dollar—contrary to evidence

The trial court did not abuse its discretion by granting a new trial on the issue of damages in an automobile negligence case where the court found that the jury's award of one dollar was contrary to the evidence and inadequate and the court's finding was supported by the evidence. Moreover, the trial court specifically stated that the issues of damages and negligence were not so intertwined that the entire verdict was tainted, and there was no evidence of a compromise verdict.

## 2. Motor Vehicles— family purpose doctrine—evidence sufficient

The family purpose doctrine was established in an automobile accident case where defendants admitted in their answer that they lived as father and son at the same residence, that the father owned the vehicle driven by the minor son at the time of the accident, and the son was driving the vehicle with the father's permission.

**3. Evidence— expert opinion—speed of vehicles**

An accident reconstruction expert's opinion about the speed of the vehicles in an accident was correctly excluded where the expert did not see the accident.

Appeal by defendants from judgment entered 20 October 1999 and an order entered 9 November 1999 by Judge J. B. Allen, Jr., and from a judgment entered 12 December 2001 by Judge David Q. LaBarre in Chatham County Superior Court. Heard in the Court of Appeals 30 January 2003.

*Benjamin Spence Albright for plaintiff-appellee.*

*Moss, Mason & Hill, by Matthew L. Mason, for defendant-appellee United States Fidelity and Guaranty Company.*

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for defendant-appellants.*

HUNTER, Judge.

Joshua Brandon Martin ("defendant Joshua") and Kenneth Martin ("defendant Kenneth") (collectively "defendants"), having been found liable for injuries incurred by Sue Womble Loy ("plaintiff") as the result of a motor vehicle accident, appeal the trial court's (1) grant of plaintiff's motion for a partial new trial on the issue of damages; (2) denial of defendant Kenneth's motion for directed verdict; and (3) refusal to allow defendants' expert witness to offer opinion testimony regarding the speeds of the vehicles at the time of impact. We affirm for the reasons stated herein.

On 6 November 1996, the vehicles driven by plaintiff and defendant Joshua collided on Highway 54 in Alamance County, North Carolina. The accident occurred at approximately 6:50 a.m. and resulted in injuries to both parties.

Plaintiff filed a complaint on 17 December 1997 alleging the accident and her resulting injuries were caused by defendant Joshua's negligence. Plaintiff also alleged that such negligence was imputed on defendant Kenneth as the owner of the "household purpose vehicle" driven by defendant Joshua, defendant Kenneth's minor son, at the time of the accident. Defendants answered and cross-claimed seeking recovery from plaintiff for defendant Joshua's medical expenses and pain and suffering. Defendants subsequently dismissed their cross-claim.

LOY v. MARTIN

[156 N.C. App. 622 (2003)]

The case was tried before a jury on 4 October 1999. At trial, plaintiff testified that defendant Joshua suddenly drove onto Highway 54 from a side road. Additionally, Larry Strickland ("Strickland"), an eyewitness at the accident scene, testified that he saw defendant Joshua run a stop sign and skid into the roadway in front of plaintiff, causing the accident. Strickland further testified that he encountered no visibility problems at the time of the accident and considered plaintiff's speed to be appropriate for the weather conditions. Trooper Floyd T. Wright of the North Carolina Highway Patrol also testified at the trial and fully corroborated the testimony of plaintiff and Strickland.

Defendant Joshua testified that he could not recall how the accident occurred because his injuries had caused him to lose all memory of the events. Thus, defendants offered the testimony of David McCandless ("McCandless"), an expert in the field of accident reconstruction, to testify on their behalf. Plaintiff's counsel objected to portions of McCandless' testimony and, the trial court refused to allow McCandless to share his opinion with the jury regarding the speed of the vehicles prior to impact.

At the conclusion of all the evidence, defendant Kenneth motioned for directed verdict on all claims against him. The motion was denied. Thereafter, the jury returned a verdict finding defendant Joshua negligent and awarded plaintiff recovery from defendants in the amount of one dollar.

Plaintiff immediately filed a Motion for a Partial New Trial, asking the trial court to set aside that portion of the jury verdict relating to damages. In turn, defendants replied by asking that the jury verdict be upheld or, in the alternative, the entire verdict be set aside because "[t]he issues of liability and damages [were] so intertwined that any alleged error taint[ed] the entire verdict." The trial court granted plaintiff's motion. Defendants appealed to this Court.

Following our remand of the case to the trial court as interlocutory, the issue of damages was retried before a jury on 29 October 2001. The jury returned a verdict of $50,000.00 in favor of plaintiff. Once again, defendants appeal.

I.

[1] By defendants' first assignment of error they argue the trial court erred in granting plaintiff a partial new trial on the issue of damages. We disagree.

Rule 59 of the North Carolina Rules of Civil Procedure allows for the granting of a new trial to all or any of the parties and on all or part of the issues in an action. *See* N.C. Gen. Stat. § 1A-1, Rule 59 (2001). A new trial may be granted for any of the following causes or grounds:

(1) Any irregularity by which any party was prevented from having a fair trial;

(2) Misconduct of the jury or prevailing party;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;

(5) Manifest disregard by the jury of the instructions of the court;

(6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;

(7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;

(8) Error in law occurring at the trial and objected to by the party making the motion, or

(9) Any other reason heretofore recognized as grounds for new trial.

N.C. Gen. Stat. § 1A-1, Rule 59(a)(1)-(9). Furthermore, our Supreme Court has recognized that a trial court can exercise its discretion by granting a partial new trial solely on the issue of damages. *See Housing, Inc. v. Weaver*, 305 N.C. 428, 441, 290 S.E.2d 642, 650 (1982). In such an instance, the question is not whether the appellate court would have ruled differently, but whether the ruling constituted a manifest abuse of discretion.[1] *Id.*

---

1. This question is what distinguishes the present case from defendants' reliance on *Robertson v. Stanley*, 285 N.C. 561, 206 S.E.2d 190 (1974). In *Robertson*, the trial court had denied "plaintiff's motion for a partial new trial on grounds that the jury's verdict of liability but no damages was inconsistent and contrary" to the court's instructions; thus, on appeal this Court was asked to determine whether to grant a new trial on all issues or solely on the issue of damages. *Housing, Inc.*, 305 N.C. at 441, 290 S.E.2d at 650. Here, like in *Housing, Inc.*, a partial new trial only on the issue of damages had already been granted thereby limiting our review to whether the trial court abused its discretion in doing so.

In the present case, the court found, in part, that the jury's award to plaintiff of one dollar in damages was contrary to the evidence and inadequate. The court's finding was supported by uncontroverted evidence establishing defendant Joshua's negligence. Also, there was little to no evidence establishing that plaintiff was contributorily negligent, especially in light of (1) defendant Joshua not remembering the events surrounding the accident, and (2) Strickland's unbiased testimony supporting plaintiff's claim. Finally, the court found, and the evidence at trial tended to show, that "plaintiff incurred medical bills relating to the accident in the sum of $13,118.75." Thus, the trial court's decision to set aside the jury's award of damages did not constitute an abuse of discretion.

In the alternative, defendants argue that if this Court concludes the trial court acted properly in setting aside the jury award, then the court abused its discretion by not allowing a new trial on all issues of liability. Defendants contend that plaintiff's recovery of one dollar likely indicates a compromise verdict whereby the issues of negligence, contributory negligence, and damages were so inextricably interwoven by the jury that allowing only a partial trial on damages was unjust. However, defendants' contention regarding a compromise verdict is unsupported by the evidence and based purely on speculation. The trial court specifically stated in its order that "[t]he issues submitted to the jury [were] not so intertwined that the entire verdict [was] tainted and there was sufficient evidence for the jury to properly find as they found on the first two issues." This finding, as well as the other evidence previously mentioned, further indicate there was no abuse of discretion by the trial court. Defendants' first assignment of error is overruled.

## II.

[2] By their second assignment of error, defendants argue the trial court erred in not granting defendant Kenneth's motion for directed verdict. Specifically, defendants contend that plaintiff failed to establish that the vehicle driven by defendant Joshua in the accident was a "family purpose" vehicle. We disagree.

"Under the family purpose doctrine, the owner or person with ultimate control over a vehicle is held liable for the negligent operation of that vehicle by a member of his household." *Byrne v. Bordeaux*, 85 N.C. App. 262, 264, 354 S.E.2d 277, 279 (1987). It "is essentially a means for establishing liability of responsible parties on a theory of *respondeat superior* whereby the responsible party is the

principal and the party actively negligent is agent." *Carver v. Carver*, 310 N.C. 669, 680, 314 S.E.2d 739, 746 (1984). A plaintiff may recover under the doctrine by showing:

> (1) [T]he operator was a member of the family or household of the owner or person with control and was living in such person's home; (2) that the vehicle was owned, provided and maintained for the general use, pleasure and convenience of the family; and (3) that the vehicle was being so used with the express or implied consent of the owner or person in control at the time of the accident.

*Byrne*, 85 N.C. App. at 264-65, 354 S.E.2d at 279.

The evidence and admissions by defendants established the applicability of the family purpose doctrine to the case *sub judice*. In their answer, defendants admitted (1) they lived as father and son at the same residence; (2) defendant Kenneth owned the vehicle driven by defendant Joshua at the time of the accident; and (3) defendant Joshua was driving the vehicle with the permission of defendant Kenneth. There was no evidence offered at the trial to dispute defendants' earlier admissions. Thus, the trial court properly denied defendant Kenneth's motion for directed verdict.

### III.

[3] By defendants' final assignment of error they argue McCandless should have been allowed to offer his expert opinion to the jury regarding the speed of the vehicles at the time of impact. We disagree.

The admissibility of expert testimony is within the sound discretion of the trial court and will not be overruled absent an abuse of discretion. *Griffith v. McCall*, 114 N.C. App. 190, 194, 441 S.E.2d 570, 573 (1994). Rule 702 of the North Carolina Rules of Evidence allows an expert witness to testify in the form of an opinion if that expert's "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue[.]" N.C. Gen. Stat. § 8C-1, Rule 702(a) (2001). Nevertheless, "[o]ur Court has held that 'with respect to the speed of a vehicle, the opinion of a[n] . . . expert witness will not be admitted where he did not observe the accident, but bases his opinion on the physical evidence at the scene.'" *Marshall v. Williams*, 153 N.C. App. 128, 135, 574 S.E.2d 1, 5 (quoting *Hicks v. Reavis*, 78 N.C. App. 315, 323, 337 S.E.2d 121, 126 (1985)), *appeal dismissed and disc. review denied*, 356 N.C. 614, 574 S.E.2d 683 (2002).

Here, defendants sought to offer the expert opinion of McCandless regarding the speed of each vehicle at the time of impact. Yet, McCandless' expert opinion was (1) based solely on his view of the accident scene months after the collision, and (2) of no assistance in establishing the exact locations where the vehicles came to rest. Without having personally observed the accident, McCandless' opinion testimony was clearly inadmissible pursuant to North Carolina case law. *See id.* Although defendants contend several other jurisdictions hold otherwise, we are bound by a prior decision of another panel of this Court that addressed the same issue and has not been overturned. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Therefore, we conclude the trial court did not abuse its discretion in excluding McCandless' opinion testimony with respect to the speeds of the vehicles.

Accordingly, for the aforementioned reasons, the trial court did not abuse its discretion in (1) granting plaintiff a partial new trial on the issue of damages; (2) denying defendant Kenneth's motion for directed verdict; and (3) preventing McCandless from offering opinion testimony regarding the speeds of the vehicles at the time of impact.

Affirmed.

Judges McGEE and CALABRIA concur.