FRUIT & PRODUCE PACKAGING COMPANY, DIVISON OF INLAND CONTAINER CORPORATION v. LEON STEPP

No. 7229DC171

(Filed 28 June 1972)

**1. Accord and Satisfaction § 1— insufficiency of pleading**

In this action to recover for merchandise sold and delivered, defendant's answer was insufficient to plead the defense of accord and satisfaction where it alleged only that he was obligated to plaintiff for an open account, that the account has been fully paid and satisfied, and that no amount is owed.

**2. Accord and Satisfaction § 1— requisites of pleading**

In pleading the affirmative defense of accord and satisfaction, defendant's answer should set forth and aver execution of the accord, or that there was a new promise, based on a consideration which was accepted in satisfaction.

Packaging Co. v. Stepp

**3. Accord and Satisfaction § 1— notation on accepted check**

Plaintiff's acceptance of defendant's check containing a notation that, by endorsement, the check when paid is accepted in full payment of defendant's account did not constitute an accord and satisfaction, where defendant had not communicated to plaintiff that he disputed the amount of the account, and there was no negotiation or agreement between plaintiff and defendant concerning payment or acceptance of less than the full amount of the account.

APPEAL by defendant from *Carnes, District Judge,* 1 November 1971 Session of the District Court held in HENDERSON County.

On 15 March 1971, the plaintiff-appellee, Fruit & Produce Packaging Company which is a division of Inland Container Corporation, instituted this action against the defendant-appellant, Leon Stepp, seeking to recover the sum of $13,787.99 for merchandise sold and delivered to defendant, plus interest and court costs.

In his answer to plaintiff's complaint, defendant alleged, "[t]hat the defendant admits that he was obligated to the plaintiff for an open account, but defendant alleges that said account has been fully paid and satisfied and no amount whatever is now due and owing to the plaintiff by the defendant on account of said account."

After evidentiary hearing, the District Court, sitting without a jury, made the following findings, among others:

"3. That during the period beginning February 1970 and ending October 31, 1970 plaintiff sold to the defendant and the defendant purchased from plaintiff items of merchandise having an aggravate (sic) invoice value of $22,280.32.

"4. That during the month of December, 1970, Mr. Robert A. Wilcox, credit manager of the plaintiff, called upon defendant relative to the account, at which time the defendant informed Mr. Wilcox that there was a problem involving bruised apples, and that the defendant would get in touch with the plaintiff about it.

"5. That on or about December 31, 1970 plaintiff received and deposited to its account a check from the

defendant in the sum of $8432.58, which check bore on its face the following statement:

'Your invoice from 2/13/70 thru 10/31/70

|  |  | $24,272.98' |
| 'Less: | Inferior Bags | 4,310.65' |
|  | Damage to apples by |  |
|  | round trays | 11,470.00' |
|  | Credit Memo # 405 | 59.75' |
| 'Amount of check |  | 8,432.58' |

"6. That printed on the face of the check is the following:

'By indorsement this check when paid is accepted in full payment of the following account'

"7. That immediately following said printed statement was the itemized statement hereinbefore set forth.

"8. That after said check was deposited plaintiff communicated by registered mail to the defendant informing the defendant that said check had been accepted as part payment of the account."

Based on the foregoing findings, the District Court concluded that the defendant was indebted to the plaintiff in the sum of $13,787.99 and that defendant, by failing to plead accord and satisfaction, was not entitled to assert that theory as a defense.

The court entered judgment that plaintiff recover of defendant Stepp the sum of $13,787.99 with interest. Defendant Stepp appealed, assigning error.

*Redden, Redden & Redden, by Monroe M. Redden, Jr., for plaintiff-appellee.*

*Francis M. Coiner for defendant-appellant.*

BROCK, Judge.

Defendant assigns as error that the court concluded that defendant failed to plead a defense of accord and satisfaction. We think that the trial judge was correct.

G.S. 1A-1, Rule 8(c) states in pertinent part: "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction . . . and any other matter constituting an avoidance or affirmative defense. Such pleading shall contain a short and plain statement of any matter constituting an . . . affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved."

[1]  Defendant's answer, quoted in the facts of this case, fails to comply with the above conditions of G.S. 1A-1, Rule 8(c). Although defendant contends that his defense of accord and satisfaction is couched in the phraseology of his answer, we find, even with a liberal view, that the defendant only alleged that he was obligated to the plaintiff for an open account, that the account has been fully paid and satisfied, and no amount is owed. This clearly is not sufficient to give the court or the plaintiff notice of any transactions, occurrences, or series of transactions or occurrences intended to prove accord and satisfaction. The defendant-pleader failed to state with sufficient particularity the substantive elements of his affirmative defense—accord and satisfaction. *See* 1 McIntosh, N. C. Practice & Procedure, 2d, § 970.65 (Supp. 1970).

In 1 Strong, N. C. Index 2d, Accord and Satisfaction, § 1, it is said:

"A compromise and settlement must be based upon a disputed claim; an accord and satisfaction may be based on an undisputed or liquidated claim.

An accord and satisfaction is compounded of two elements: An accord, which is an agreement whereby one of the parties undertakes to give or perform and the other to accept in satisfaction of a claim, liquidated or in dispute, something other than or different from what he is or considers himself entitled to; and a satisfaction, which is the execution or performance of such agreement."

[2]  In pleading the affirmative defense of accord and satisfaction, the defendant's answer should set forth and aver execution of the accord, or that there was a new promise, based on a consideration which was accepted in satisfaction. The fact that the defendant pleads payment does not permit him, under that plea, to assert the defense of accord and satisfaction. 1 Am.

Jur. 2d, Accord and Satisfaction, § 53. Defendant's answer, even when construed liberally, fails to state or give notice of the basic element, an accord or new promise.

Nevertheless, the District Court permitted the defendant to introduce into evidence the accepted check, with the previously mentioned notation. The notation on the check is the basis for defendant's contention that there was a discharge of the indebtedness by an accord and satisfaction.

[3] In this case there was no evidence or allegation of communication between plaintiff and defendant concerning a dispute over the account. Nor was there evidence or allegation of negotiation or agreement between plaintiff and defendant concerning payment or acceptance of less than the full amount of the account.

"The fact that a remittance by check purporting to be 'in full' is accepted and used does not result in an accord and satisfaction if the claim involved is liquidated and undisputed, under the generally accepted rule that an accord and satisfaction does not result from the part payment of a liquidated and undisputed claim. The creditor is justified in treating the transaction as merely the act of an honest debtor remitting less than is due under a mistake as to the nature of the contract." 1 Am. Jur. 2d, Accord and Satisfaction, § 18, p. 317.

Defendant also assigns as error that the Court concluded that defendant is indebted to the plaintiff in the sum of $13,787.99. Defendant's only properly asserted defense is that the account has been fully paid. The evidence clearly supports the trial court's findings relating to the amount of the account. There is no evidence tending to support a payment or credit which was not properly computed by the trial court in reducing the amount of the original account to the amount it found to be due. All of the evidence supports the court's findings of fact and the facts so found support the conclusions of law and the judgment.

For reasons stated above, all of defendant's assignments of error are overruled and the judgment of the District Court is

Affirmed.

Judges HEDRICK and VAUGHN concur.