CATHERINE CORN EDWARDS, PLAINTIFF v. ROBERT GREGG EDWARDS, DEFENDANT

No. 9018DC899

(Filed 7 May 1991)

1. **Divorce and Separation § 39 (NCI4th) — separation agreement — alimony — arrearages and prospective amounts — ability to pay — procedure not erroneous**

   Although the trial court stated that it "will allow specific performance" of the alimony provisions of a separation agreement prior to hearing any evidence of defendant's present ability to pay, the procedure followed by the court complied with prior case law where the court then had a discussion with counsel for both parties concerning evidence it would hear to determine defendant's present ability to pay; the court thereafter heard defendant's testimony concerning his present ability to pay alimony arrearages and admitted defendant's affidavit setting forth his monthly expenses and income; after hearing all the evidence, the court made findings as to defendant's income and expenses and his ability to pay the arrearages; and the court subsequently ordered specific performance of the alimony provisions by the payment of arrearages and prospective alimony.

   **Am Jur 2d, Divorce and Separation § 652.**

2. **Divorce and Separation § 39 (NCI4th) — separation agreements — alimony — present ability to pay — expenses — erroneous findings and conclusions**

   The trial court erred in its findings and conclusions as to defendant's present ability to pay alimony arrearages and prospective alimony required by a separation agreement where the court understated defendant's monthly expenses by nearly $500.00 and failed to include that amount in its calculation

of defendant's present ability to pay arrearages and prospective alimony.

**Am Jur 2d, Divorce and Separation §§ 426, 660.**

**3. Rules of Civil Procedure § 60.2 (NCI3d)— alimony—specific performance—miscalculation of expenses—not clerical error**

The trial court's miscalculation of defendant's expenses in an order of specific performance of the alimony provisions of a separation agreement was not a mere clerical error which could be corrected under N.C.G.S. § 1A-1, Rule 60(b) without affecting the result of the order.

**Am Jur 2d, Divorce and Separation §§ 426, 660.**

**4. Divorce and Separation § 307 (NCI4th)— alimony arrearages— home equity loan not required by order**

The trial court did not improperly order defendant to obtain a $1500.00 home equity loan in order to make a partial payment of his alimony arrearages but only made findings of the amount of defendant's assets and available credit, including a finding that he can borrow an additional $1500.00 under his home equity line of credit, and then ordered defendant to pay $1500.00 based upon its findings.

**Am Jur 2d, Divorce and Separation § 750.**

**5. Divorce and Separation § 520 (NCI4th)— separation agreement—alimony—specific performance—attorney fees**

The trial court did not err in awarding attorney fees to plaintiff in an action for specific performance of the alimony provisions of a separation agreement where the parties specifically contracted for indemnification of such fees in their separation agreement. The general rule disallowing attorney fees unless statutorily authorized does not apply in this situation. N.C.G.S. § 52-10.1.

**Am Jur 2d, Divorce and Separation §§ 598, 599.**

APPEAL by defendant from judgment entered 28 March 1990 by *Judge J. Bruce Morton* in GUILFORD County District Court. Heard in the Court of Appeals 12 March 1991.

On 7 December 1989, plaintiff filed this action seeking specific performance of certain provisions of the separation agreement be-

tween plaintiff and defendant. The agreement stated that defendant would pay plaintiff rehabilitative alimony of $300.00 per month beginning 1 October 1986, and continue for six years or until plaintiff's death or remarriage, whichever occurs first. Defendant ceased making these payments in April 1989.

The trial court entered its judgment in plaintiff's favor on 28 March 1990. Defendant appeals.

*Wyatt Early Harris Wheeler & Hauser, by A. Doyle Early, Jr., and Lee M. Cecil, for plaintiff-appellee.*

*Byerly & Byerly, by W. B. Byerly, Jr., for defendant-appellant.*

ORR, Judge.

Defendant assigns three errors on appeal. For the following reasons, we affirm in part, vacate in part and remand to the trial court.

[1] Defendant first argues that the trial court erred in ordering specific performance of the alimony provisions of the separation agreement. Specifically, defendant argues that the trial court did not make the appropriate findings of fact required by law concerning defendant's present ability to pay alimony arrearages before it entered its order. We disagree.

Under N.C. Gen. Stat. § 52-10.1 (1984):

Any married couple is hereby authorized to execute a separation agreement not inconsistent with public policy which shall be legal, valid, and binding in all respects; provided, that the separation agreement must be in writing and acknowledged by both parties before a certifying officer . . . .

Under the statute, both parties to a divorce may enter into such agreement to settle the question of alimony, and the terms of the agreement are binding and may be modified only with the consent of both parties. *Crutchley v. Crutchley,* 306 N.C. 518, 293 S.E.2d 793 (1982). Further, a separation agreement not incorporated into a final divorce decree (as in the present case) may be enforced through the equitable remedy of specific performance. *Harris v. Harris,* 50 N.C. App. 305, 274 S.E.2d 489, *disc. review denied and appeal dismissed,* 302 N.C. 397, 279 S.E.2d 351 (1981).

EDWARDS v. EDWARDS

[102 N.C. App. 706 (1991)]

In *Cavenaugh v. Cavenaugh*, 317 N.C. 652, 657, 347 S.E.2d 19, 23 (1986), our Supreme Court held that "when a defendant has offered evidence tending to show that he is unable to fulfill his obligations under a separation agreement or other contract the trial judge must make findings of fact concerning the defendant's ability to carry out the terms of the agreement before ordering specific performance."

In the present case, after hearing some evidence, the trial court stated that it "will order specific performance." The court then had a lengthy exchange with attorneys for plaintiff and defendant concerning the evidence it would hear to determine defendant's present ability to pay. The trial court stated:

> Let me say this. Before this day is over, we are going to hear all of the evidence, and I am going to dictate an order, and it will do whatever it does. And no order has been entered yet. I think we're using up time discussing that, because I need to hear evidence on his ability. And whether you call that before or after the fact of specific performance, I've got to hear that evidence.

The trial court then heard defendant's testimony concerning his ability to pay his alimony arrearages and accepted into evidence defendant's affidavit (Exhibit 3) concerning his monthly expenses and income. After hearing all of the evidence, the trial court recited defendant's income and expenses in findings 7 through 10 and then made findings of fact 11 through 14 regarding defendant's ability to pay the arrearages. The trial court subsequently ordered specific performance of the alimony provision in the separation agreement. We find that the trial court's procedure in ordering specific performance is well within the requirements stated in *Cavenaugh* and affirm this portion of the judgment.

[2] Defendant next contends that the trial court erred in its findings of fact and conclusions of law that defendant has the present ability to pay alimony arrearages and prospective alimony. We agree.

The trial court correctly calculated defendant's net income at $2,032.00 per month. However, defendant argues that the trial court erroneously calculated his itemized monthly expenses to total $2,087.00, when the correct calculation is $2,513.00.

[3] Plaintiff concedes that the trial court's calculation of monthly expenses is erroneous but maintains that this is a "clerical" error

which may be corrected under Rule 60 of the N.C. Rules of Civil Procedure without affecting the result of the judgment. We disagree.

Under N.C. Gen. Stat. § 1A-1, Rule 60(a) (1990):

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate division, and thereafter while the appeal is pending may be so corrected with leave of the appellate division.

This rule allows correction of clerical errors, but does not permit errors of a serious or substantial nature. *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 378 S.E.2d 196 (1989). We find that the trial court's miscalculation in this situation is of a substantial nature. The trial court understated defendant's monthly expenses by approximately $500.00 per month and failed to include that amount in its calculation of the amount of defendant's present ability to pay alimony arrearages and prospective alimony. While this miscalculation may have no effect on the trial court's order of specific performance, it may have an effect on the amount defendant can reasonably afford to pay plaintiff on a monthly basis. The trial court based its award on defendant's expenses of $2,087.00 per month, not the actual expenses of $2,513.00 per month.

Plaintiff further argues that the trial court's error in the present case does not prejudice defendant because the trial court did not include defendant's $3,000.00 bonus for the year or a $3,000.00 tax refund in its calculation of defendant's income. There is no evidence before this Court that either of the above income sources for the year may be considered regular income and therefore included in calculating defendant's net monthly income. *See Whedon v. Whedon*, 58 N.C. App. 524, 294 S.E.2d 29, *disc. review denied*, 306 N.C. 752, 295 S.E.2d 764 (1982) (a spouse's ability to pay alimony is usually determined by his income at the time the award is made). Moreover, there is evidence that the income tax refund is a joint refund to both defendant and his present wife; therefore, for the purposes of the case before us, it would appear that defendant would be entitled to only half of such refund. We find that the trial court's miscalculation of defendant's expenses relative to his

monthly income is a prejudicial error and therefore must be addressed by the trial court.

[4] Defendant also contends that the trial court erred in finding that defendant had the present ability to increase the equity loan on the home owned by him and his current wife by $1,500.00. We disagree.

Defendant cites no authority in support of his argument on this issue in violation of Rule 28(b)(5) of the N.C. Rules of Appellate Procedure. We have, however, reviewed defendant's argument and the law in this State and find no merit to defendant's contentions.

In its order, the trial court made the following findings concerning defendant's ability to incur additional debt to pay his alimony arrearages:

8.

. . . . The defendant has a line of credit on the equity loan of $10,000.00, and the defendant can borrow approximately an additional $1,500.00. The defendant owns a 1988 Jeep Cherokee valued at approximately $10,000.00, and the defendant has about three years of payments left on said Jeep. The defendant and his wife have a joint savings account of approximately $600.00, and the defendant has an IRA account in his name alone in the amount of approximately $1,800.00. As of the date of this hearing, the defendant has between $2,800.00 and $3,000.00 in his personal checking account, out of which he is committed to pay his living expenses. The defendant had a check in Court for $493.64 dated December, 1988 for the plaintiff's share of his profit-sharing plan, and the defendant has delivered the check to the plaintiff and the plaintiff has received the check. The defendant has not deliberately depressed his income or dissipated his resources.

. . . .

13.

The defendant has the present ability to increase the equity loan on his home by $1,500.00 within a week and to pay this amount directly to the plaintiff on or before Wednesday, April 4, 1990, as a partial payment upon his arrears.

The trial court then concluded:

(5) The defendant has not deliberately depressed his income or dissipated his resources. The defendant has the present ability to pay $493.64 to the plaintiff immediately as her 25% share of the profit-sharing plan, has the present ability to pay to the plaintiff $1,500.00 of the alimony arrearage on or before April 4, 1990, has the present ability to resume the alimony payments of $300.00 per month beginning April 1, 1990 and continuing on the first of each consecutive month thereafter until they are paid and satisfied in full in accordance with the Separation Agreement of the parties, . . . .

The trial court further ordered: "The defendant shall pay to the plaintiff on or before April 4, 1990 the sum of $1,500.00 to be applied upon the alimony arrearage."

Defendant maintains that the trial court specifically ordered him to take a home equity loan for $1,500.00. On the contrary, we find that the trial court made findings of the amount of defendant's assets and available credit and then ordered defendant to pay $1,500.00 and other sums, based upon its findings. Although defendant may choose to use a home equity loan for the lump sum payment of arrearages, defendant is not prevented by the trial court's order from obtaining that amount from other sources.

[5] Defendant's remaining assignment of error concerns whether the trial court erred in awarding attorney's fees in a specific performance action. We hold that the trial court did not err.

Defendant is correct that attorneys' fees are generally not allowable unless expressly authorized by statute. *Buck v. Proctor & Gamble*, 58 N.C. App. 804, 805, 295 S.E.2d 243, 244 (1982), *cert. denied*, 308 N.C. 543, 304 S.E.2d 236 (1983) (citation omitted). In the present case, however, defendant and plaintiff specifically contracted for attorneys' fees in the separation agreement under paragraph 16, entitled "Indemnity."

If either party hereto for any reason fails to perform his or her financial or other obligations to the other party or their child, and as a result thereof incurs any expense, including reasonable attorney's fees, to collect the same or otherwise enforce his or her rights with respect thereto, the defaulting party shall indemnify and hold the other harmless from any such expense.

Based upon this agreement, the trial court found as fact that "the plaintiff is entitled to indemnification and recovery of reasonable attorneys' fees as a result of the failure of the defendant to comply with the provisions of the Separation Agreement." The trial court then found the specific amount of attorneys' fees based upon the hourly rate and the amount of time and effort expended.

Under § 52-10.1, separation agreements are "binding in all respects" so long as they are "not inconsistent with public policy" and executed according to the directives of the statute. We find nothing inconsistent with public policy in the above indemnity clause, and the agreement was executed pursuant to the statute. Therefore, it is "binding in all respects" including the indemnity clause.

To hold otherwise would, in effect, hold that parties cannot contract for indemnification for attorneys' fees unless specifically authorized to do so by statute. We find that the general rule disallowing attorneys' fees unless statutorily authorized does not encompass this situation where the parties voluntarily contracted for indemnification for such fees. Therefore, we hold that the trial court did not err in allowing attorneys' fees.

For the above reasons, we affirm in part, vacate in part and remand to the trial court for further findings not inconsistent with this opinion.

Affirmed in part; vacated in part and remanded.

Judges JOHNSON and PARKER concur.