FORSYTH MUNICIPAL ALCOHOLIC BEVERAGE CONTROL BOARD AND NORTH CAROLINA MUNICIPAL LEASING CORPORATION, PLAINTIFFS v. LARRY J. FOLDS, DEFENDANT

No. 9321SC1148

(Filed 6 December 1994)

**1. Contracts § 79 (NCI4th)— contract for sale of real property—obligation to construct driveway—defendant not excused from performance**

Defendant was not excused from constructing a driveway on property sold to plaintiff where plaintiff did not breach the contract; the trial judge, by reading the purchase contract and a subsequently executed easement agreement, could determine the intention of the parties as to what land was to be conveyed; and no genuine issue of material fact existed as to whether the easement agreement, which made no reference to the requirement that defendant construct a driveway, constituted a novation with respect to the original contract and relieved defendant of his obligation under the contract to construct a driveway.

**Am Jur 2d, Contracts §§ 355 et seq.**

**2. Costs § 26 (NCI4th)— dispute over contract for sale of real property—award of attorney's fees improper**

The trial court erred in allowing attorney's fees in this dispute arising out of a contract for the sale of real property, since contractual provisions for attorney's fees are invalid in the absence of statutory authority.

**Am Jur 2d, Costs §§ 72 et seq.**

Appeal by defendant from order entered 16 August 1993 by Judge Julius A. Rousseau, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 29 August 1994.

**FORSYTH MUNICIPAL ABC BOARD v. FOLDS**

[117 N.C. App. 232 (1994)]

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., for plaintiffs-appellees.*

*Hutchins, Tyndall, Doughton & Moore, by George E. Doughton, Jr. and Kent L. Hamrick, for defendant-appellant.*

THOMPSON, Judge.

On 3 December 1992 plaintiffs Forsyth Municipal Alcoholic Beverage Control Board (ABC) and North Carolina Municipal Leasing Corporation (NCMLC) brought this action for breach of a contract of sale of real property. Defendant denied any breach of contract and asserted certain affirmative defenses. Plaintiffs filed a motion for summary judgment on 4 February 1993. On 16 August 1993 the trial court entered summary judgment in favor of plaintiffs. Defendant appealed the trial judge's order granting plaintiffs' motion for summary judgment. We affirm in part and reverse in part.

Defendant is the owner of a certain tract of real estate in Forsyth County bounded on the east by Highway 150 (Peters Creek Parkway) and on the south by Clemmonsville Road. Defendant acquired the property for the purpose of developing the land into a small strip shopping center.

On or about 2 November 1990 defendant and plaintiff ABC entered into a contract whereby ABC agreed to purchase a lot in the tract of land owned by defendant, on which ABC would build a store. Paragraph 15 of the contract provided that:

> Seller hereby agrees to complete construction of the driveway shown as the access easements on Exhibit B (which are not yet constructed) on or before 18 months from the date of closing of this transaction.

The parties also provided in paragraph 15 for certain cross-access and parking easements between the parties. The transaction closed on 31 December 1990 and thus called for completion of the driveway by 30 June 1992.

Paragraph 8 of the contract provided that the deed should be made to ABC or plaintiff NCMLC, a North Carolina non-profit corporation that assists the City of Winston-Salem, all of whose officers and directors are city employees, in acquiring assets with tax-exempt financing, as ABC might direct. ABC directed that the deed be made

to NCMLC and the deed was so drawn. The purchase price was approximately $300,000.00.

Subsequent to the execution of the contract and pursuant to paragraph 15 of the contract, the parties entered into an easement agreement (the easement agreement) that was duly executed and recorded. The easement agreement sought to carry out the provisions of paragraph 15 of the contract relating to the obligation of the parties to provide cross-access and parking easements to each other.

Defendant did not commence construction of the driveway by 30 June 1992 as called for by paragraph 15 of the contract. Plaintiffs filed the complaint in this action on 3 December 1992 in Forsyth County Civil Superior Court. Construction of the driveway had still not commenced at the time the complaint was filed. The complaint alleged, among other things, that defendant breached the contract by failing to construct the driveway referred to in paragraph 15 within 18 months following the closing. Defendant denied any breach of contract and alleged affirmative defenses of breach of contract (by plaintiffs' failure to grant easements to the defendant) and a novation eliminating any obligation of the defendant to construct the driveway (by execution of the easement agreement).

Plaintiffs filed their motion for summary judgment on 4 February 1993. On 16 August 1993 the trial court granted the plaintiffs' motion for summary judgment and ordered the defendant to construct the driveway in question. The trial judge further ordered the defendant to pay plaintiffs, pursuant to paragraph 9 of the contract, the sum of $10,000.00 for expenses incurred as a result of defendant's breach of the contract, including reasonable attorney's fees and other litigation expenses.

On appeal, defendant contends the trial court erred by (1) granting summary judgment for the plaintiffs; (2) ordering him to construct the driveway; and (3) awarding plaintiffs' expenses, including reasonable attorney's fees and other litigation expenses. We affirm the trial court's decision on the first two issues, and reverse the trial court's decision on the third issue.

Defendant breached paragraph 15 when he did not commence construction of the driveway by 30 June 1992. Since defendant had not cured the breach as of 19 January 1994, the date on which the plaintiff-appellees filed their brief on appeal, the only issue before the Court is whether defendant's breach is excused.

[1] Defendant proffers numerous excuses for not constructing the driveway. We first consider defendant's argument that his performance of paragraph 15 is excused by plaintiffs' alleged breach of contract. We find that plaintiffs did not breach the contract and therefore defendant is not excused from his contractual obligation under paragraph 15 to construct the driveway.

Defendant contends that the trial judge, reading the language used to convey the easement contained in the easement agreement in light of all the facts and circumstances referred to in the instrument, could not have determined the intention of the parties as to what land was to be conveyed, and therefore, the easement is void and ineffectual. Defendant further contends that the uncertainty of the language conveying the easement in the easement agreement constitutes a material breach of contract by the plaintiffs and therefore relieves him of his duty to construct the driveway.

No doubt the best way to determine whether or not the defendant has been provided with all easements provided for in the contract is to compare the language of the contract with the language of the easement agreement. The relevant language in the original contract is contained in paragraph 15:

Access and Cross Parking Easements:

. . . together with a general access easement for ingress, egress and regress over all the roadways, parking areas and service areas behind and in front of any building built by Buyer on the Property and the right for its invitees to park within the parking areas on the property. . . .

The relevant language of the easement agreement is contained in section III:

. . . together with a perpetual non-exclusive easement for ingress, egress and regress and parking over all the roadways, parking areas and service areas, now existing or hereafter constructed, behind and in front of any building built by NCMLC on the NCMLC Property, including, without limitation, the right for invitees of the owner or lessees of the Folds Property and Partnership Tract to park within the parking areas on the NCMLC Property, said easement being appurtenant to the Partnership Tract and the Folds Property; . . . .

Both documents refer to the Seller's (defendant's) having an easement for ingress, egress, and regress over all the roadways, parking areas and service areas behind and in front of any building built by NCMLC on the NCMLC property, including the right of the invitees of the owners or lessees of the Folds property to park within the parking areas of said property. Although the actual words are not identical, the easement provided is substantially identical to the easement called for in the contract.

We find that all of the easements called for in the contract have been provided for in the easement agreement; therefore, defendant cannot be excused from his contractual obligation to construct the driveway.

Next, we shall consider defendant's argument that a genuine issue of material fact exists as to whether the easement agreement, which made no reference to the requirement that the defendant construct the driveway, constituted a novation with respect to the original contract and relieved him of his obligation under paragraph 15 to construct the driveway. We find that the easement agreement does not create a genuine issue of material fact as to whether a novation occurred and the defendant is not excused from his contractual obligation under paragraph 15 to construct the driveway.

A novation occurs when:

> the parties to a contract substitute a new agreement for the old one. The intent of the parties governs in determining whether there is a novation. If the parties do not say whether a new contract is being made, the courts will look to the words of the contracts, and the surrounding circumstances, if the words do not make it clear, to determine whether the second contract supersedes the first. If the second contract deals with the subject matter of the first so comprehensively as to be complete within itself or if the two contracts are so inconsistent that the two cannot stand together a novation occurs. *See Wilson v. McClenny*, 262 N.C. 121, 136 S.E.2d 569 (1964); *Tomberlin v. Long*, 250 N.C. 640, 109 S.E.2d 365 (1959); *Turner v. Turner*, 242 N.C. 533, 89 S.E.2d 245 (1955); *Bank v. Supply Co.*, 226 N.C. 416, 38 S.E.2d 503 (1946).

*Whittaker General Medical Corp. v. Daniel*, 324 N.C. 523, 526, 379 S.E.2d 824, 827 (1989).

There are no inconsistencies between the contract and the easement agreement; therefore, as a matter of law there is no novation or "substitution," as it is sometimes referred to in North Carolina. *Turner v. Turner*, 242 N.C. 533, 538, 89 S.E.2d 245, 249 (1955); *McDonald v. Technical Institute*, 46 N.C. App. 77, 81, 264 S.E.2d 123, 126 (1980); *Bank v. Supply Company*, 226 N.C. 416, 426, 38 S.E.2d 503, 509-510 (1946).

Moreover, the easement agreement does not deal with the substance of the original contract so extensively as to constitute a novation. The easement agreement simply implements paragraph 15 of the contract and has nothing to do with the other provisions of the contract.

We have reviewed the remaining excuses proffered by the defendant and are not persuaded that the trial judge committed any reversible error.

[2] Finally, defendant challenges the award of attorney's fees and litigation expenses to the plaintiffs pursuant to paragraph 9 of the contract. Defendant argues that paragraph 9 must be read in conjunction with paragraph 7, entitled "Representations and Warranties of the Seller," and is designed to address only those representations and warranties specifically set out in paragraph 7, which contains no requirement that the defendant construct a driveway. Defendant argues that the import of paragraph 9 requires indemnification of plaintiffs only for claims brought against plaintiffs by third persons as the result of some breach on the part of defendant. We find that the language of paragraph 9 of the contract is plain and unambiguous and the trial court was correct in construing the agreement as a matter of law, rather than submitting it to the jury. *Markham v. Improvement Co.*, 201 N.C. 117, 158 S.E 852 (1931).

Paragraph 9 makes it clear that the defendant agreed to hold ABC harmless from any liability and expense, including reasonable attorney's fees and other litigation expenses, resulting from any ". . . breach of warranty or agreement, made by the seller in this contract. . . ." Defendant breached his agreement to construct the driveway, and pursuant to paragraph 9, plaintiffs are entitled to recover certain expenses incurred as a result of that breach. While the contract clearly entitles plaintiffs to recover certain expenses, this is not the end of our inquiry.

**FORSYTH MUNICIPAL ABC BOARD v. FOLDS**

[117 N.C. App. 232 (1994)]

Although defendant made no assignment of error with regard to the issue of whether the trial court should have awarded attorney's fees in the absence of statutory authority, he sought to address that question summarily in his brief, and therefore we choose to deal with the question in accordance with our prerogative. N.C. R. App. P. 2; *State v. Petty*, 100 N.C. App. 465, 397 S.E.2d 337 (1990). We find that attorney's fees should not have been allowed.

As a general rule contractual provisions for attorney's fees are invalid in the absence of statutory authority. This is a principle that has long been settled in North Carolina and fully reviewed by our Supreme Court in *Stillwell Enterprises, Inc. v. Interstate Equipment Co.*, 300 N.C. 286, 266 S.E.2d 812 (1980).

This Court has recently enunciated an exception to that principle in the case of separation agreements in particular, *Edwards v. Edwards*, 102 N.C. App. 706, 403 S.E.2d 530, *cert. denied*, 329 N.C. 787, 408 S.E.2d 518 (1991); *Bromhal v. Stott*, 116 N.C. App. 250, 447 S.E.2d 481 (1994) (Greene, J. dissenting in part), and indeed in the case of settlement agreements in general. *Carter v. Foster*, 103 N.C. App. 110, 404 S.E.2d 484 (1991).

Nevertheless, we know of no basis in North Carolina law for the allowance of attorney's fees in a dispute arising out of a contract for the sale of real property, as is involved in this case. Therefore, on the basis of those well-settled principles, we reverse the judgment of the trial court insofar as it allowed attorney's fees to the plaintiffs, and we remand the case for a determination by the trial court of any expenses of plaintiffs, other than attorney's fees, that may have resulted from defendant's breach of contract.

The Order of the trial court is

Affirmed in part and reversed in part.

Chief Judge ARNOLD and Judge MARTIN concur.