**CITY OF CHARLOTTE v. NOLES**

[143 N.C. App. 181 (2001)]

THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLEE V.
DAVID NOLES, DEFENDANT-APPELLANT

No. COA00-73

(Filed 17 April 2001)

**1. Appeal and Error— preservation of issues—notice of appeal**

Although defendant contends the trial court erred by failing to dismiss plaintiff's action under N.C.G.S. § 1A-1, Rule 12(b)(6), the Court of Appeals lacks jurisdiction to address this issue because defendant's notice of appeal refers only to the 7 October 1999 entry of summary judgment and makes no reference to the earlier order denying defendant's motion to dismiss.

**2. Process and Service— failure to serve summons—general appearance—answer failing to contest personal jurisdiction**

The trial court had jurisdiction over defendant when it issued its 1988 judgment even though defendant contends he was never served with a summons, because: (1) defendant made a general appearance before the trial court in the 1988 case by filing an answer that failed to contest personal jurisdiction; (2) it remained possible for plaintiff to serve an effective summons upon defendant since plaintiff's action against defendant had not yet been discontinued under N.C.G.S. § 1A-1, Rule 4(e); and (3) defendant's general appearance before the trial court obviated the need for plaintiff to serve defendant with a summons in order to grant the trial court jurisdiction over defendant, N.C.G.S. § 1-75.7.

**3. Judgments— interest—only from underlying award**

The trial court's award to plaintiff of interest on the interest gained since the 1988 judgment is remanded to the trial court for modification, because plaintiff is only entitled to future interest on the underlying 1988 award of $170,527.92.

Appeal by defendant from order entered 7 October 1999 by Judge Claude S. Sitton in Superior Court, Mecklenburg County. Heard in the Court of Appeals 14 February 2001.

*F. Douglas Canty, Senior Assistant City Attorney, for plaintiff-appellee.*

*William D. McNaull, Jr. for defendant-appellant.*

McGEE, Judge.

Plaintiff was awarded a judgment against defendant of $170,527.92 plus interest and costs on 22 August 1988. Plaintiff filed a verified complaint on 24 July 1998 alleging that the 1988 judgment remained unsatisfied. Defendant filed a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief could be granted, and plaintiff moved for summary judgment.

Following a hearing on 14 April 1999, the trial court denied defendant's motion to dismiss and delayed ruling on plaintiff's motion for summary judgment "pending further proceedings." Defendant filed an answer asserting that the trial court issuing the 1988 judgment had no jurisdiction over defendant because the summons and complaint were never served upon defendant, no alias or pluries summons was ever issued by the clerk, and defendant did not file an answer until more than thirty days after the summons was issued. The trial court granted summary judgment in favor of plaintiff on 7 October 1999 and awarded plaintiff $307,041.25 plus interest and costs. Defendant appeals the grant of summary judgment.

[1] Defendant first assigns error to the failure of the trial court to dismiss plaintiff's action pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). However, defendant's notice of appeal refers only to the 7 October 1999 entry of summary judgment and makes no reference to the earlier order denying defendant's motion to dismiss. We therefore lack jurisdiction to address defendant's first assignment of error. *See* N.C.R. App. P. 3(d); *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 157, 392 S.E.2d 422, 425 (1990); *Bromhal v. Stott*, 116 N.C. App. 250, 253, 447 S.E.2d 481, 483 (1994), *aff'd*, 341 N.C. 702, 462 S.E.2d 219 (1995).

[2] Defendant next assigns error to the entry of summary judgment in favor of plaintiff on the grounds that the trial court that granted the 1988 judgment lacked jurisdiction over defendant. Because a judgment rendered without jurisdiction is void, defendant is entitled to collaterally attack the 1988 judgment through the present action. *See Dunn v. Wilson*, 210 N.C. 493, 494, 187 S.E. 802, 803 (1936). Defendant contends that he was never served with a summons in

the 1988 action, and therefore that the trial court never had jurisdiction over him.

The defenses of insufficiency of process and insufficiency of service of process are waived if they are not raised in a motion or responsive pleading before the trial court. *See* N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (1999). Defendant acknowledges that he filed an answer to plaintiff's complaint in the 1988 action, and that he did not raise the defenses of insufficiency of process or insufficiency of service of process in his answer. Defendant argues, however, that because he filed his answer after the expiration of the time limit for serving a summons, the summons had already lost effectiveness and become *functus officio* and therefore the trial court was unable to gain jurisdiction over him.

Service of process is not the sole way by which a trial court gains personal jurisdiction over a defendant.

> A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person . . . [w]ho makes a general appearance in an action[.]

N.C. Gen. Stat. § 1-75.7 (1999). Defendant made a general appearance before the trial court in the 1988 case by filing an answer that failed to contest personal jurisdiction. *See Stern v. Stern*, 89 N.C. App. 689, 692, 367 S.E.2d 7, 9 (1988). Defendant filed his answer fifty-one days after plaintiff's summons was issued, after the summons had become *functus officio* under N.C. Gen. Stat. § 1A-1, Rule 4(c) (1999) but before plaintiff's action against defendant was discontinued pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(e) (1999). Because plaintiff's action against defendant had not yet been discontinued, it remained possible for plaintiff to serve an effective summons upon defendant. *See Lemons v. Old Hickory Council*, 322 N.C. 271, 367 S.E.2d 655 (1988). Defendant's general appearance before the trial court obviated the need for plaintiff to serve defendant with a summons in order to grant the trial court jurisdiction over defendant. *See* N.C. Gen. Stat. § 1-75.7.

We therefore conclude that the trial court did have jurisdiction over defendant when it issued its 1988 judgment. Because defendant's collateral attack on the 1988 judgment fails, we affirm the trial court's summary judgment against defendant in the present case.

[3] Finally, defendant assigns error to the trial court's award to plaintiff of interest on the interest gained since the 1988 judgment.

Plaintiff concedes that, under *NCNB v. Robinson*, 80 N.C. App. 154, 341 S.E.2d 364 (1986), plaintiff is entitled to future interest only on the underlying 1988 award of $170,527.92. We therefore remand this case to the trial court for modification of the judgment to include the award of $307,041.25 plus interest from 7 October 1999 only upon $170,527.92.

Affirmed in part, reversed in part and remanded.

Judges WYNN and THOMAS concur.