**ZELLARS v. McNAIR**

[166 N.C. App. 755 (2004)]

DOROTHY ZELLARS, Plaintiff v. APRIL N. McNAIR and TRANSIT MANAGEMENT
OF CHARLOTTE, INC., Defendants

No. COA03-1429

(Filed 2 November 2004)

**Jurisdiction— motion for additional time to set aside default—not a general appearance**

Defendant's "motion to continue" seeking additional time to file a motion to set aside an entry of default was not a general appearance that waived service of process and vested the court with personal jurisdiction. Defendant's motion did not invoke the adjudicatory powers of the court.

Appeal by plaintiff from order entered 20 May 2003 by Judge Jesse B. Caldwell, III, in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 October 2004.

*Bollinger & Piemonte, P.C., by George C. Piemonte, for plaintiff-appellant.*

*Caudle & Spears, P.A., by C. Grainger Pierce, Jr. and Eric A. Rogers, for defendant-appellee April N. McNair.*

*Robert D. McDonnell, for defendant Transit Management of Charlotte, Inc.*

MARTIN, Chief Judge.

Plaintiff filed her complaint in this action on 20 September 2001 seeking damages for injuries which she allegedly sustained when she was struck by a vehicle owned and operated by defendant April McNair on 21 September 1998. Plaintiff alleged negligence on the part of defendant McNair, as well as on the part of defendant Transit Management of Charlotte, Inc. Summons were also issued to both defendants on 20 September 2001.

On 1 October 2001, an affidavit of service was filed by plaintiff's counsel attesting to service by certified mail on defendant McNair on 22 September 2001. The affidavit and exhibit thereto showed that the summons was mailed to Defendant McNair at: 412 W. Craighead Road, Apt. B, Charlotte, NC 28206, and that it was received by an individual named Kirt Crews. No answer was filed on behalf of defendant McNair and her default was entered on 25 February 2002. Defendant

Transit Management of Charlotte, Inc. filed an answer, asserting plaintiff's contributory negligence as a defense and also seeking contribution and indemnity from defendant McNair. On 7 March 2002, the trial court administrator entered a scheduling order setting the trial of the case for 3 February 2003.

On 15 January 2003, defendant McNair, through counsel, filed a document entitled "Motion to Continue" in which she recited that she was "making a special appearance without waiving any jurisdictional defenses," asserted that she had never been served with process and lived at a different address from that to which the summons had been directed, and sought "additional time to file a motion to set aside Entry of Default already in place against her . . . ." The trial court administrator entered an order continuing the action until a later trial session.

On 31 January 2003, defendant McNair filed motions to set aside the entry of default and to dismiss the action pursuant to G.S. § 1A-1, Rules 12 (b)(2), (4) and (5) for lack of jurisdiction, insufficiency of process, and insufficiency of service of process. In her motions and an affidavit attached thereto, defendant McNair averred that at the time of the event complained of she had resided at 412 W. Craighead Road, Apt. C, rather than Apt. B, to which the summons and complaint had been mailed; that she was no relation to Kirt Crews, the person who resided at Apt. B and had signed the certified mail return receipt, and that Mr. Crews had never informed her of the civil action; and that at the time of the issuance of the summons, she had resided at 4329 Cinderella Road, Apt. 4, Charlotte, N.C. and no attempt had been made to serve her at her correct address.

By order dated 28 February 2003, the entry of default against defendant McNair was set aside. Thereafter, on 20 May 2003, the trial court granted defendant McNair's motion to dismiss. Plaintiff appeals.

---

Apparently conceding that no valid service of process was obtained upon defendant McNair, plaintiff-appellant argues on appeal that defendant McNair's 15 January 2003 "Motion to Continue" constituted a general appearance in the action, thereby waiving service of process and vesting the court with personal jurisdiction. After careful consideration, we reject her argument.

N.C. Gen. Stat. § 1-75.7 provides, in pertinent part:

A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person:

(1) Who makes a general appearance in an action; provided, that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance.

. . .

N.C. Gen. Stat. § 1-75.7 (2003). Thus, the statute provides that a court having subject matter jurisdiction may exercise personal jurisdiction over a person who has made a general appearance in the case, even though he or she has not been served with process. The determination of whether an individual has made a "general appearance" depends upon whether he or she has invoked the adjudicatory powers of the court.

For the purposes of G.S. 1-75.7, a motion for extension of time in which to [answer] or otherwise [plead] will not constitute a general appearance; however, if the defendant by motion or otherwise invokes the adjudicatory powers of the court in any other matter not directly related to the questions of jurisdiction, he has made a general appearance and has submitted himself to the jurisdiction of the court whether he intended to or not.

*Swenson v. Thibaut*, 39 N.C. App. 77, 89, 250 S.E.2d 279, 288 (1978) (citations omitted).

Defendant's 15 January 2003 motion did not invoke the adjudicatory powers of the court. Though styled a "Motion to Continue," the relief sought by the motion was, in effect, no more than a request for additional time within which to "plead or otherwise answer," expressly questioning the validity of the entry of default against defendant McNair based upon invalid service of process, and preserving her jurisdictional defenses. Thus, because the purpose of the motion was clearly to obtain an extension of time to plead, pursuant to G.S. § 1-75.7, defendant's motion cannot be considered a general appearance and she did not thereby waive service of process.

No service of process was had upon defendant McNair within the times specified by G.S. § 1A-1, Rule 4(c); the action was therefore discontinued as to her. N.C. Gen. Stat. § 1A-1, Rule 4(e) (2003). Upon the issuance of additional process or endorsement of the original

ZELLARS v. McNAIR

[166 N.C. App. 755 (2004)]

process, the action would be deemed commenced on the date of such issuance or endorsement, at which time the statute of limitations would have expired. *See id.; City of Charlotte v. Noles*, 143 N.C. App. 181, 183, 544 S.E.2d 585, 587 (2001). The order dismissing plaintiff's claim against defendant McNair must therefore be affirmed.

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.