STATE OF NORTH CAROLINA
v.
ANTHONY FITZGERALD FLOWERS
No. COA06-1651
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.
Brannon Strickland, PLLC, by Anthony M. Brannon, for defendant-appellant.
CALABRIA, Judge.
Anthony Fitzgerald Flowers ("defendant") appeals from judgments entered upon revocation of his probation and activation of both of his 120-day sentences to be served in the North Carolina Department of Correction. We dismiss the appeal for violations of the North Carolina Rules of Appellate Procedure.
On 23 November 2004, defendant was placed on 18 months of supervised probation after pleading guilty to two counts of possession of stolen goods in Nash County District Court. Violation reports filed on 18 October 2005 alleged that defendant had willfully violated the conditions of his probation by failing to report to his probation officer as scheduled on 3 October 2005, and by failing to make payments toward the monetary conditions of his probation.
The District Court revoked defendant's probation on 15 December 2005, and defendant appealed to Superior Court. An order for defendant's arrest was issued after he failed to appear at his revocation hearing in Superior Court on 17 January 2006. Additional violation reports were filed on 28 March 2006, alleging that defendant had absconded supervision and failed to appear at the 17 January 2006 hearing. Defendant was arrested on 12 June 2006.
At the beginning of the revocation hearing, defense counsel admitted the alleged violations but advised the court that defendant had missed his court date because he was tending to his one-year-old son who was hospitalized and awaiting multiple organ transplants. Counsel further averred that defendant had not changed his permanent residence but had to "go to Chapel Hill and Pittsburgh for prolong[ed] periods of time to care for his young son." Defendant's probation officer reported that he had not heard from defendant since the District Court revoked his probation in December of 2005, and that defendant last visited the probation office on 20 October 2005. Defendant told the court that he had been at the hospital with his son on 17 January 2007, and for a month thereafter. He had thought he was no longer subject to probation after he appealed from the district court's judgments in December 2005. Although he had worked from February to November of 2005, he lost his job for "having to leave to go to the hospital all the time."
After hearing from the defendant, his counsel and the probation officer, the court revoked defendant's probation and activated his suspended sentences. In addition to finding each of the willful violations alleged in the reports filed on 18 October 2005 and 28 March 2006, the court found that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence." From these judgments, defendant appeals.
On appeal, defendant contends the trial court erred in entering judgment revoking his probation and activating his sentence, saying there was not a sufficient or competent factual basis in support of the willfulness of the claimed violations. Defendant also contends the trial court erred in revoking his probation since he claims he fulfilled his burden to demonstrate through competent evidence his inability, not unwillingness, to comply with the terms and conditions of his probation.
As an initial matter, this Court cannot address the merits of defendant's appeal because there is no evidence in the record showing defendant gave oral or written notice of appeal in Superior Court. The North Carolina Rules of Appellate Procedure state that a party may appeal the judgment or order of a Superior Court by "(1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within 14 days[.]" N.C. R. App. P. 4(a)(1), 4(a)(2) (2007). Additionally, the record on appeal in criminal actions must contain "a copy of the notice of appeal or an appropriate entry or statement showing appeal taken orally[.]" N.C. R. App. P. 9(a)(3)(h) (2007). See State v. Alston, 307 N.C.321, 298 S.E.2d 631 (1983) (holding that it is the appellant's duty and responsibility to see the record is complete). A thorough analysis of the record on appeal, including the transcript of the revocation hearing, reveals no evidence the defendant gave either an oral or written notice of appeal.
The Rules of Appellate Procedure also provide that "the parties may by agreement entered in the record on appeal settle a proposed record on appeal prepared by any party in accordance with Rule 9 as the record on appeal." N.C. R. App. P. 11(a) (2007). In the case before us, the trial court entered appellate entries contemporaneously with the judgments, and the parties orally stipulated to the proposed record on appeal. However, this Court has held appellate entries are insufficient to satisfy N.C. R. App. P. 4. State v. Blue, 115 N.C. App. 108, 113, 443 S.E.2d 748, 751 (1994). Because defendant did not preserve his right to appeal the revocation of his probation, his appeal is not before us as a matter of right. See In re Me.B, M.J., Mo. B, ___ N.C. App. ___, 640 S.E.2d 407 (2007) (dismissing appeal for lack of jurisdiction due to failure to follow N.C. R. App. P. 4, 9, and 11). Because the defendant failed to satisfy the jurisdictional requirement of filing a notice of appeal and including such notice in the record on appeal, we are without jurisdiction to hear this case. Our Supreme Court has held in State v. Hart, 361 N.C. 309, ___ S.E.2d ___ (2007), that this Court may apply N.C. R. App. P. 2 (2007) to suspend the Rules of Appellate Procedure to prevent "manifest injustice." However, "[w]ithout proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown." Bromhal v. Stott, 116 N.C. App. 250, 447 S.E.2d 481 (1994), cert. denied, 339 N.C. 609, 454 S.E.2d 246, aff'd., 341 N.C. 702, 462 S.E.2d 219 (1995). Since we are without authority to invoke N.C. R. App. P. 2 (2007), we must dismiss the instant appeal. Dismissed.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).